Aurecchione v. Falco, 25-770CV. I understand Council are ready. What I will ask Council to do in this and all the other cases is when it is your time to come up to the podium, please take a second to adjust the microphone so we can hear every word that you have to say, also keeping in mind that we do record these oral arguments and we post them so folks can listen to the streaming audio afterwards. We don't want to miss a word of what are undoubtedly going to be very informative arguments from all the parties today. So let's hear from Council. Is that Mr. Parchiesi? Yes, Your Honor, that's correct. Okay, and I understand you are not asking to reserve any time for rebuttal. Is that right? That's correct. All right. You may proceed whenever you're ready. Thank you very much. And good morning. May it please the Court. My name is Robert Parchiesi and I represent the appellant, Philip Aurecchione, in the case against the Rockland County defendants and defendant officers. We raised this appeal after the case was dismissed by two boarders that collectively disposed of all of the claims that now bring this matter before Your Honors to render a decision. In this particular case, the facts are largely undisputed. The timeline, the events, the things that took place surrounding Mr. Aurecchione's re-arrest are largely uncontested. What we have here is a person that was released from federal custody back in 2020, just about a month before the pandemic in February. He was sentenced in two, a state case and a federal case, to concurrent time of imprisonment. He had accumulated about 16 or 17 months when federal authorities decided to calculate whether he was eligible for release. They did that. They looked for any detainers. They did not see any. Although there was express orders referencing each other, the federal case and the state case on both convictions referenced each order of running these terms concurrently. He was released from prison in February of 2020. So one thing that wasn't clear to me in the narrative was whether your client knew that he actually should have been subject to a detainer, that he had not completed his state sentence. And I see different indications in the record about when he might have found that out, but the complaint wasn't clear about what he knew. Could you address that concern? Yes, Your Honor. At all relevant times, he was not aware that he had any additional time to serve. You say at all relevant times, but I noticed in December of 2020, and he wasn't arrested until June of 2021, right? That's correct, Your Honor. That his father advised the authorities who were looking for him that he was aware that his son owed time and said that his son was aware. Isn't that part of the relevant time period based on your complaint? And from our investigation and speaking with the defendant's or the appellant's father, that was a statement that was never said, although it is in the record and we are unable to contest it at this juncture. When he was released in February of 2020, he did not believe that he owed any additional time. It was his understanding in those two cases that the administration of his sentence would be adjudicated by the Federal Bureau of Prisons because he spent the majority of his time there, even during the state case. He even entered a guilty plea. The Bureau of Prisons would decide how much, when to release him, and that would cover the state situation? Well, because they were ran concurrently and because these were negotiated. They were ran concurrently, but there were different times. And they were both referenced. The state-specific case referenced the federal case in which Sterling Johnson, Judge Sterling Johnson, actually convicted and sentenced Mr. Ricchioni to the 18-month term in federal custody. I'm not sure how that matters, though. I mean, aren't there all sorts of federal regulations? You can get into, I don't know, 500-hour programs at the BOP. You can get good time credits. You can get all sorts of ways that your sentence may be calculated under the federal system or discounted that may or may not apply in the state system. It almost sounds like you're suggesting that whatever is calculated by the Federal Bureau of Prisons will also count as the calculation of his state sentence because they were to be concurrent. Am I mishearing you, then? No, the only thing I can argue is that in the appellant's viewpoint, at the time he was sentenced in both of his cases, as far as he was aware as a layperson serving his time. You say this. Are you just making a representation to the court, or is there something in the record that shows that? Because, I mean, it's wonderful that you may or may not be able to represent what your client believes, but what part of the record reflects what you are representing to us to be your client's knowledge at the time? The only indication that we have that's a trail in the record is there was a series of e-mails between the appellant's previous attorney, who was handling the criminal case, and the Bureau of Prisons regarding the calculation, the release, and the circumstances surrounding the release because that eventually formed the basis of the habeas petition under Article 78 in the State Supreme Court and then later the Federal habeas petition that would follow that one. So that is the only indications that we have in the record. So nothing firsthand from your client? There's nothing firsthand. One way or the other? There's been no testimony taken. That's fair. So there's been nothing established in the record from his testimony to show that subjective belief of what he was aware of. I will direct your attention to the qualified immunity arguments because I understand various arguments about what your client's rights are or ought to be. But to get past qualified immunity, you would have to show that those rights were clearly established at the time of the purported violation. And by clearly established, you generally mean a Supreme Court case pretty much on point or a decision of this Court pretty much on point. Your Honor. So why don't you start with the, I don't know, we'll start with whatever claim you would prefer to. With regard to the qualified immunity aspect of the case, provided that there is a belief that, let's say, putting aside the argument of probable cause, whether there was enough there to go and re-arrest Mr. Ricchioni following denial of the arrest warrant or just based on the confirmation of the conviction that they received from the State court, when you move into the qualified immunity argument, the Fourth Amendment governs. And the reason why is that officers are trained very extensively in the Fourth Amendment. Okay. So tell me why. Give us a case with a Supreme Court or a court saying that if someone has been erroneously released from prison, the Fourth Amendment prohibits them from just getting re-arrested and put directly back in jail. Give us a case that says that. There's not in the Second Circuit. Okay. So then how do you, how can you overcome qualified immunity? Because in this particular instance, what we're arguing, because there isn't a case standard that set the tone for this type of action, the circuits are split and we realize and we recognize the circuits are split. That's sort of an apportionary argument that there's qualified immunity. If the circuits are split and the governing jurisdiction, which is us, has not spoken on it, then how can, how could anyone say that the defendants violated clearly established law? Well, if I can get to that, Your Honor. Right away. Get to it right away. Sorry. When we sit rooted in the Fourth Amendment, what police officers are extensively trained to do, they're looking for two things. They're looking for do I have probable cause to make the arrest, right? And the second thing is if so, am I able to obtain a warrant? If I'm not, do I pass? No, no, no, no, no, no, no, no, no. You're now presupposing you need a warrant. And that's what I'm asking is that in this situation where someone has been erroneously released from prison, don't presuppose that you need the warrant. I'm saying where's the case law that says you need a warrant? I'm getting to the second part. Well, get right to it. Skip over. Okay. Because I know we have limited time.  So if we get to that juncture, there is always something, and this is where we go, 100 plus years of precedent always ties the officers' actions to the reasonableness of the decision that they made and the conduct at issue. In this particular case, you have pandemic-related releases going on. You have COVID at its height. Get to the clearly established part. I don't understand the pandemic argument, frankly. Because it looks at whether or not the conduct or the actions taken at the time were reasonable. He was released. He was released by the Feds, by the Bureau of Prisons, and he'd served his time. And part of that time was concurrent with his state time, but there was more state time. So how does the pandemic figure into this? Because, number one, it looks at the shocking behavior of the officers. One, the decision was left discretionary to the Rockland County authorities. Yes, but there was a certificate of conviction that issued in July of 2020 that said said defendant is committed to the custody of the Rockland County Sheriff's Department. Right? That's correct. And so isn't that enough for the officers to rely on in trying to apprehend him again, having realized that his sentence had gone unserved? And it's true that Judge Russo didn't separately issue an arrest warrant, but he could well have seen that as unnecessary since his prior order said that the defendant is committed to the custody of the Rockland County Sheriff's Department. So why isn't that configuration enough to give them probable cause and to support the qualified immunity analysis that my colleague is suggesting? Because, one, it sets a dangerous precedent for the future. And the reason being is suppose that this wasn't a day later. This wasn't a week later. This wasn't a month later. This was a year after the fact that they re-arrested him. So that means that officers could go back five years from now. They could get a determination or a calculation from the Department of Corrections in New York and find that a person owes a balance of time and then use that as a means and a mechanism to just pursue something. Wait a minute. No, we rule on qualified immunity. It just means that if that happens and no court has ever spoken to whether you can do it, you can't sue the officers for damages. That's all a qualified immunity ruling is, right? Correct. So I'm not sure how you can say that would set a dangerous precedent if we don't say whether it's right or wrong. All we're saying is no one has ever said whether it's right or wrong. So we're not setting a precedent at all as to whether you can do it. We're just saying there's no case law out there that any police officer, any reasonable, responsible police officer is charged with knowing about. Well, and arguably when they went before the court a week later for a warrant, had a hearing and conference in September of that same year, all of that is in the record. The transcript's in the record of the conference that took place. Mr. Ricchioni's counsel, previous attorney, was present for that discussion. They never made any indication that he'd need to surrender. The judge never indicated to his attorney that. Could you clarify something? Maybe your opposing counsel can, too, and I probably just missed it in the record. Was there an explanation that the judge gave for not giving the warrant? Because I couldn't tell. Sort of each side seems to suggest you take a different implication from the failure to issue a warrant. One would be I'm not giving you a warrant, therefore, you ought not to arrest this fellow. The other implication is what do you need a warrant for? This guy's been convicted and has to go to jail. Nobody needs a warrant at that point. So is there anything in the record where the judge explained why the court was not issuing a warrant? No, and that's one of the we didn't have an opportunity to develop the record in terms of getting testimony and things that normally discovery would illuminate and may answer the court's questions about. Let me just see if any other member of the panel has a question right now. No. All right. Well, thank you very much for your argument. It's been very helpful. Why don't we hear from counsel for the appellee, Attorney Weissman. Good morning, Your Honors. Robert Weissman, Storesky-Katz, Dranoff, Weissman, and Maynard for the County Defendant's Appellees. May it please the Court, the district's order should be affirmed. As to the official capacity claims, which we haven't really addressed yet, there's clearly no Monell policy pleaded in the Second Amendment complaint or the Third Amendment complaint. All we have are labels and conclusions alleging some sort of vague policy, key decision-makers making decisions, but there's no specificity as to any formal policy, any widespread practice, any acts by final policy-makers. The Monell claim. Yes, Your Honor. Moving on. Moving on. Yes. Very good, Your Honor. As to the individual capacity claims, they're barred by both probable cause and qualified immunity. Criminal procedural law 38060 is clear that a certificate of conviction is sufficient in and of itself. But aren't you troubled at all by the fact that there was this lengthy, lengthy delay before Mr. Accioni was seized again? He was surveilled. One could read that as harassment. They clearly found where he was because he was subject to the surveillance. There had been an error on the State's part. And I can imagine this being used, not that it was used in this case, but I can imagine this being used in a harassing kind of way, that, you know, to have the certificate of conviction and no search warrant still or warrant for arrest outstanding and to kind of the authorities just wait until they feel they're done with harassing, they don't want to spend manpower at it, and then seize the individual. Can't you imagine a circumstance where that could be the case? And shouldn't we be worried about that? That may be the case, Your Honor. And there may be some point in the future, 5 years, 10 years, 20 years, who's to say, where there should be a cutoff. Why isn't one year soon enough? Why wouldn't they have a duty to re-detain him if he was subject to a State sentence and they had located him, they had the certificate of conviction, and the judge's statement that he was committed to the custody of Rockland County? Why wouldn't they have a duty even to go and seize him and re-arrest him? Well, as you indicated, there is an indication in the reports that the father denied that he was living there. But setting that aside. So did the record show where he was actually locatable? I don't believe that the record does. I thought they were surveilling him during this period, so they knew where he was. Not in the record. At his 58th hearing, he did say that he was living behind his father's house in a separate house. However, all of those issues in terms of whether there's a cutoff at some point are rendered moot because of qualified immunity. There is no decision. I'm just, as a factual matter, I don't understand the case in the sense that they do think they had a certificate to arrest. They didn't arrest right away. They continued surveillance of him. And I would assume that there was some flaw. I mean, one could assume two things. One, they were trying to arrest him. If he knew that he was being surveilled. If he, in any event, whether he knew it or not, they could have been surveilling him because they thought that he was going to lead them to further, the surveillance might be productive in uncovering other crimes. Well, the surveillance, Your Honor, is referred to as surveillance in the pleading. There's no actual facts described regarding what we're talking about. The fact of the matter is, and this isn't in the record, but we're talking about looking at his Facebook page. We're talking about doing DMV searches, trying to confirm his address. I see. That's what's being referred to as surveillance. So it was a live surveillance of officers in cars following him or anything of that sort.  Well, and am I correct? My impression, and this may be an incorrect impression for the record, is that they were conducting surveillance in order to find him. Yes. But I didn't think that there was a specific allegation that they had found him. Their surveillance included actually seeing him and walking around as opposed to staking out locations where he might be. Yes. Maybe they didn't look hard enough. I don't know. What's referred to as surveillance is essentially research, electronic research, not electronic surveillance, trying to confirm if what his father said is he doesn't live here and I'm not going to help you find him, confirm where he is. The notion was that they arrested him physically within a reasonable time after physically locating him.  And more to the point in terms of the legal standards, there is no case from this Court or the Supreme Court establishing a cutoff, at which point... But still, I mean, I would have some difficulty if he actually were physically surveilled and subject to what might be understood as harassment for an extended time. And the fact that there's no specific case saying that, for example, after the time of his... If his sentence would have been completed had he been re-detained, that there's no liberty interest at all because there's no particular cutoff time established by law. This is a very unusual case. And at some point I think that the qualified immunity doctrine has its own limits. So I'm not entirely swayed by that. But if what you're saying is the record shows that he was not being harassed, basically, that we're at a motion to dismiss, and that he was detained reasonably within a time after he was identified.  And also, since his lawyer was at these hearings, his lawyer knew, right, that he was subject to re-detention by the State. Absolutely, Your Honor. Is that right? And also there's a question of whether any of the named defendants had any personal involvement in the decision not to give him the process thereafter. Is that right? That is correct, Your Honor. And in terms of the issue of whether there is or should be a liberty interest in remaining free after 15 months as opposed to 20 months or 25 or 6, that can all be subject to debate whether there should be or there is. But there really can't be any debate that it was not clearly established. There was simply no way for these officers to decide that the certificate of conviction should be overlooked and he should be allowed to remain free based on the fact that they could have just continued to surveil him for five years for an indeterminate time and then just pick him up whenever they felt like it. The law is unclear, and I think that that's the point. I would say that logically there should be some point, but it certainly wasn't established or clearly established at the time that he was picked up. Can you clarify? I asked a question to opposing counsel. Could you just confirm whether you agree that when the State court judge was asked for a warrant, and I can't remember if that's when the certificate of conviction was issued or just reaffirmed or noted on the record, did the judge give any reason why it was not issuing a warrant? My understanding, and it's not in the record because this was done in chambers and it's not part of the transcript, but my understanding from the assistant district attorney who was there was that the position was that a warrant isn't needed. I issued a certificate of conviction. That's enough. And the certificate of conviction says he is committed to the custody of Rockland County. That's correct. I saw some brief transcript that just said denied. That's right. That's right. My understanding is that it was done in chambers, not on the record. Okay. If the Court has no other questions, thank you.  Thank you very much. And thanks to both of you for coming in today for your helpful arguments. We will take the case under advisement.